# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESET, LLC,<br><br>                           Plaintiff,<br>   vs.<br><br>TERRY BRADSHAW, et al.,<br><br>                          Defendants. | CASE NO. 10-CV-1369 JLS (JMA)<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT**<br><br>(ECF No. 13.) |

Presently before the Court is Plaintiff ESET, LLC's application for default judgment by clerk against Defendants Terry Bradshaw, Oneworld Office, Oneworld Office Corp., Oneworld Techstick, Oneworld Security PLC Corp., Oneworld Trailer Corp., TBU Security Solutions Inc., and RAD Media Corp. (Appl. for Default J., ECF No. 13.) For the reasons set forth below, Plaintiff's application for default judgment is **GRANTED**.

## BACKGROUND

On June 29, 2010, Plaintiff filed a complaint against Defendants alleging, among other things, breach of contract. (Complaint, ECF No.1.) Defendants have failed to respond. On January 24, 2011, the clerk of the court entered Defendants' default under Rule 55(a). (ECF No. 7.) Subsequently, Plaintiff filed the present application for default judgment, seeking $168,809.45 in unpaid principal, pre-judgment interest, and costs. (Appl. for Default J.)

///

**DISCUSSION**

Plaintiff's application for default judgment was filed pursuant to Federal Rule of Civil Procedure 55(b)(1). Under Rule 55(b)(1), default judgment may be entered by the clerk "if the plaintiff's claim is for a sum certain." Fed. R. Civ. P. 55(b)(1). A sum is not certain "unless no doubt remains as to the amount to which a plaintiff is entitled as a result of the defendant's default." *Franchise Holding II, LLC v. Huntington Rests. Grp., Inc.*, 375 F.3d 922, 929 (9th Cir.2004). In cases where Rule 55(b)(1) does not apply, the Court may enter default judgment pursuant to Rule 55(b)(2). The Court finds it appropriate to analyze Plaintiff's application under Rule 55(b)(2).

**1.   Legal Standard**

Federal Rule of Civil Procedure 55 permits a court to enter default judgment. A court is to grant or deny default judgment at its discretion. *See Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (citing *Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986); *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980)). The Ninth Circuit has set out seven factors for a court to consider when exercising this discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471–72 (citation omitted). When weighing these factors, well-pled factual allegations not related to the amount of damages are taken as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977)); *see also* Fed. R. Civ. P. 8(b)(6). To prove damages, a plaintiff may submit declarations or the Court may hold an evidentiary hearing. *See Affinity Group, Inc. v. Balser Wealth Mgmt.*, 2007 WL 1111239, at *1 (S.D. Cal. Apr. 10, 2007).

///
///
///

**2.    Analysis**

*A.    Possibility of Prejudice to Plaintiff*

*Eitel*'s first factor looks to whether a plaintiff would suffer prejudice if its motion were denied. *Eitel*, 782 F.2d at 1471; *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). In this case, Plaintiff would suffer prejudice if the motion were denied; Plaintiff has no other recourse for recovery. This factor therefore favors entry of default judgment.

*B.    The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint*

The second and third *Eitel* factors address the substantive merits of the claim and the sufficiency of the complaint. *Eitel*, 782 F.2d at 1471; *Affinity Group*, 2007 WL 1111239, at *2. The Ninth Circuit has suggested that these factors require a plaintiff to "state a claim on which the [plaintiff] may recover." *See Kloepping v. Fireman's Fund*, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

The Court finds that Plaintiff sufficiently alleges a breach of contract on which it may recover. Plaintiff alleges that Plaintiff and Defendants entered into a written agreement, that Plaintiff sold Defendants its products in accordance with the contract, and that Defendants failed to pay the amount due for the products. (Complaint ¶ 14–20.) As a result of the breach, Plaintiff suffered damages. (*Id.*) Given this adequate pleading and Defendants' admission by default of these facts, the second and third *Eitel* factors favor entry of default judgment.

*C.    The Sum of Money at Stake in the Action*

The fourth factor examines the amount of money at issue. *Eitel*, 782 F.2d at 1471. "[T]he court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176–77. Here, Plaintiff requests $168,809.45, consisting of principal owed, pre-judgment interest, and cost of suit. (Decl. of McManus in Support of Appl. for Default J. 2–3.) This amount is reasonable in light of the allegations and the evidence presented. This factor therefore favors entry of default judgment.

///

///

///

### D. *The Possibility of a Dispute Concerning Material Facts*

Defendants have not responded to the complaint or any of Plaintiff's subsequent filings. The Court finds that Defendants are unlikely to appear now to contest this matter, and therefore, this factor favors Plaintiff.

### E. *Possibility of Excusable Neglect*

Defendants have made no showing of excusable neglect. And when a defendant has been served with notice of the complaint and the application for default judgment, there is effectively no potential that its default was due to excusable neglect. *See, e.g.*, *Virgin Records Am., Inc. v. Cantos*, 2008 WL 2326306, at *3 (S.D. Cal. June 3, 2008); *Affinity Group*, 2007 WL 1111239, at *3. The sixth factor therefore favors granting Plaintiff's motion.

### F. *Policy Favoring Decisions on the Merits*

"While the public policy favoring disposition of cases on their merits weighs against default judgment, that single factor is not enough to preclude imposition on this sanction." *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). "Moreover, [a] Defendant's failure to answer Plaintiff's Complaint makes a decision on the merits impractical, if not impossible." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Thus, the seventh factor weighs in favor of granting Plaintiff's motion.

### 3. Damages

Plaintiff seeks judgment in the amount of $168,809.45, comprised of $137,410.91 in unpaid principal, $24,948.54 in pre-judgment interest, and $450 in costs. (Appl. for Default J. 2.) Plaintiff supports its request with invoices detailing the unpaid principal, (Decl. of McManus, Exhibit A, ECF No. 13-2), accounts receivable showing the date on which Defendants' payment became due on each invoice, (Decl. of McManus, Exhibit B), and a spreadsheet of the interest computation, (Decl. of McManus, Exhibit C). The Court finds it suitable to apply an annual interest rate of ten percent pursuant to California Civil Code § 3289(b).

In light of the evidence, the Court grants Plaintiff's request of $137,410.91 in principal, $24,948.54 in interest, and $450 in costs. The Court notes, however, that this sums to $162,809.45, not the $168,809.45 Plaintiff indicates.

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Plaintiff's application for default judgment and **GRANTS** Plaintiff's request for damages in the amount of $162,809.45.

**IT IS SO ORDERED.**

DATED: July 8, 2011

Honorable Janis L. Sammartino
United States District Judge